NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-1317
_____

UNITED STATES OF AMERICA

v.

NICHOLAS STANLEY,
           Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-19-cr-00111-001)
District Judge: Honorable Malachy E. Mannion
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 17, 2024
_____

Before: SHWARTZ, MATEY, and PHIPPS, *Circuit Judges*.

(Filed: January 30, 2024)
_____

OPINION[*]
_____

PHIPPS, *Circuit Judge*.

    A criminal defendant who pleaded guilty to tax evasion received a 24-month sentence, which he now appeals. He challenges three specific determinations made by the District Court – the decision not to adjust downward for acceptance of responsibility as well as the application of enhancements for obstruction of justice and for sophisticated

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

means. He also argues that his sentence is procedurally unreasonable. In reviewing the District Court's application of the U.S. Sentencing Guidelines to the facts for clear error, *see United States v. Caraballo*, 88 F.4th 239, 243 (3d Cir. 2023), and the procedural reasonableness of the sentence for abuse of discretion, *see United States v. Brito*, 979 F.3d 185, 189 (3d Cir. 2020) (citing *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009)), we will affirm the sentence for the reasons below.

## BACKGROUND

Nicholas Stanley, who owned and operated a small paving company in Dalton, Pennsylvania, engaged in several schemes to avoid reporting income. He did not file federal income tax returns between 2005 and 2018. For tax years 2005 through 2011, the Internal Revenue Service determined that he had outstanding tax liabilities totaling approximately $1.06 million. After the IRS contacted Stanley, he made some payments towards that outstanding balance starting in 2013. Stanley was also a prolific gambler, and he attempted to use a false social security number to cash out over half-a-million dollars from a casino, and at other times, he cashed out gambling winnings in increments under $10,000 to avoid reporting them to the IRS. But he did not start filing federal tax returns until 2019, when he reported $1 of income for the 2018 tax year. The IRS estimated that Stanley owes $389,595 for tax years 2012 to 2019.

In April 2019, a federal grand jury in the Middle District of Pennsylvania indicted Stanley on two counts related to the unpaid taxes: tax evasion, *see* 26 U.S.C. § 7201, and structuring transactions to evade reporting requirements, *see* 31 U.S.C. § 5324(a)(3). In the spring of 2020, Stanley applied for $40,012 in CARES Act funds, and in so doing, he denied that he was the subject of a federal indictment.

In late July 2020, Stanley signed a written plea agreement. By its terms, he agreed to plead guilty to tax evasion, and the Government agreed to move to dismiss the remainder of the indictment. They agreed that the base offense level would be 16, 18, or 20 – depending on the eventual determination of the amount of tax loss. Still, the parties acknowledged that the District Court was not bound by the agreement and could impose any sentence up to the five-year maximum. *See* 26 U.S.C. § 7201. They also stipulated that Stanley's CARES Act fraud was relevant conduct for sentencing purposes.

The Probation Office then prepared a Presentence Investigation Report, which differed from the plea agreement by recommending a total offense level of 24. It calculated that figure by using a base offense level of 20 (for tax losses more than $550,000 but less than $1.5 million). *See* U.S. Sent'g Guidelines Manual §§ 2T1.1(a)(1), 2T4.1 (U.S. Sent'g Comm'n 2018). Despite Stanley's guilty plea, the PSR did not recommend any downward adjustment for acceptance of responsibility because he made minimal efforts to report his income and repay taxes, and he subsequently engaged in CARES Act fraud. From there, the PSR included a two-point enhancement for sophisticated means to avoid paying taxes, *see* U.S.S.G. § 2T1.1(b)(2), and another two-point enhancement for obstruction of justice because Stanley continued to mischaracterize his income after learning he was under IRS audit, *see id.* § 3C1.1. That total offense level of 24, combined with the PSR determination that Stanley had a Category I criminal history, resulted in a Guidelines range of 51 to 60 months' imprisonment. *See id.* Ch. 5 Pt. A (generating a range of 51 to 63 months' imprisonment); 26 U.S.C. § 7201 (setting a five-year maximum term of incarceration for willful tax evasion); *see also* U.S.S.G. § 5G1.1(c)(1) (explaining the interplay between statutory maximum sentences and Guidelines ranges).

3

Through counsel, Stanley objected to the PSR. Because he disputed the amount of tax loss, the District Court scheduled an evidentiary hearing. But before that hearing, the Government notified the District Court in a letter that the parties agreed to a loss of $923,079. Although that loss amount yielded a base offense level of 20, the Government represented to Stanley that it would recommend a total offense level of 17 – and its corresponding Guidelines range of 24 to 30 months' imprisonment – if he provided corrected returns for tax years 2012 to 2021 before sentencing.

At the sentencing hearing, the Government stayed true to its promise. It recommended a total offense level of 17 and requested a within-Guidelines term of incarceration between 24 and 30 months.

The District Court took a different approach but arrived at a similar outcome. It favored a total offense level of 24 as set forth in the PSR. But after considering the § 3553(a) factors, *see* 18 U.S.C. § 3553(a), the District Court varied downward to a sentence of 24 months in prison followed by three years of supervised release, which included a gambling addiction treatment program. The District Court also ordered Stanley to pay $972,091 in restitution.

The District Court entered its sentence pursuant to its jurisdiction under *id.* § 3231. Through this appeal, Stanley invokes this Court's appellate jurisdiction, *see id.* § 3742(a), to challenge the length of his prison term.

## DISCUSSION

### 1. *Acceptance of Responsibility*

Stanley argues that the District Court erred in denying the acceptance-of-responsibility adjustment "based solely on pre-plea, unrelated conduct." Appellant Br. at 12. That argument has no merit. The District Court denied an acceptance-of-

responsibility reduction based on Stanley's CARES Act fraud and his post-indictment minimal repayment history. An adjustment for acceptance of responsibility is not an automatic consequence of a guilty plea. *See, e.g.*, *United States v. McDowell*, 888 F.2d 285, 293 n.2 (3d Cir. 1989) ("Although [defendant] contends that he is due the adjustment primarily because he pled guilty, this is manifestly not true."); *see also United States v. Lessner*, 498 F.3d 185, 199 (3d Cir. 2007) (explaining that conduct resulting in an obstruction-of-justice enhancement ordinarily indicates that the defendant has not accepted responsibility (citing U.S.S.G. § 3E1.1 cmt. n.4.)). And here, the terms of the plea agreement specify that the CARES Act fraud – one basis for denying the acceptance-of-responsibility adjustment – constituted relevant conduct. Stanley's minimal efforts at paying the taxes owed likewise constituted relevant conduct.

Still, Stanley argues that both the fraud and the minimal repayment occurred pre-plea, so his plea should be viewed as accepting responsibility. But in determining whether a defendant has accepted responsibility, a court may consider any relevant conduct that occurs after the defendant receives notice of the Government's interest in his criminal conduct. *See, e.g.*, *United States v. Ceccarani*, 98 F.3d 126, 128 (3d Cir. 1996) (holding that a denial of acceptance of responsibility was proper when some of the defendant's inconsistent conduct took place pre-plea, but after he was indicted). And here, Stanley's CARES Act fraud occurred after he was indicted. Also, to commit the fraud, he lied about being indicted. In addition, Stanley could have made more than minimal efforts to repay the taxes he owed in the ten years after he was notified about his outstanding liabilities, or even in the four years since his indictment, but he did not. And at sentencing, Stanley still had not given the Government all the financial information it had requested. Under those

5

circumstances, the District Court did not clearly err by declining to adjust for acceptance of responsibility.

### 2. *Sophisticated Means*

Stanley challenges the District Court's application of the sophisticated means enhancement. *See* U.S.S.G. § 2T1.1(b)(2). That "enhancement is appropriate where a defendant's conduct 'shows a greater level of planning or concealment than a typical fraud of its kind.'" *United States v. Fountain*, 792 F.3d 310, 319 (3d Cir. 2015) (citation omitted). Here, the District Court found that Stanley employed "methods that are much more than just normal methods to avoid the paying of taxes," Sentencing Hearing at 5:25–6:1 (Feb. 6, 2023) (A13–14), which indicate "very sophisticated intentional activity over a long period of time to defraud the government of rightful taxes," *id.* at 17:9–10 (Feb. 6, 2023) (A25). Stanley orchestrated several schemes for over a decade designed to evade both the assessment and payment of taxes. The District Court's conclusion that Stanley's schemes, when viewed in their entirety, constituted sophisticated means, was therefore not clearly erroneous.

### 3. *Obstruction of Justice*

On clear error review, Stanley also argues that the District Court incorrectly imposed a two-point enhancement for obstruction of justice. *See United States v. Powell*, 113 F.3d 464, 467 (3d Cir. 1997) (reviewing factual finding of willful obstruction for clear error); *see also Fountain*, 792 F.3d at 318 (applying clear error review where "the issue is whether the agreed-upon set of facts fit within the enhancement requirements" (quoting *United States v. Fish*, 731 F.3d 277, 279 (3d Cir. 2013))). That increase applies to the willful impeding of an investigation into the offense of conviction. *See* U.S.S.G. § 3C1.1. And the District Court determined that Stanley underreported and filed fraudulent tax

6

forms after he knew he was under IRS audit. Thus, it was not clear error for the District Court to apply that enhancement.

### 4. *Procedural Reasonableness and the § 3553(a) Factors*

Finally, Stanley argues that the District Court rigidly applied the Guidelines and did not fully account for the § 3553(a) factors. That argument lacks merit because "the district court did not . . . treat the Guidelines as mandatory; gloss over the § 3553(a) factors; . . . or inadequately explain the chosen sentence," *Brito*, 979 F.3d at 189 (citation omitted). To the contrary, the District Judge described the tax evasion as the "longest tax fraud" he had ever seen, Sentencing Hearing at 18:10–11 (Feb. 6, 2023) (A26), and recognized the value to the public in helping Stanley overcome his serious gambling addiction. The District Judge also acknowledged that Stanley had not provided all the financial information the Government had requested. Against those considerations, the District Judge then accounted for letters in support of Stanley submitted by his family and friends and imposed a much shorter sentence – 24 months – than the Guidelines minimum of 51 months. The District Court engaged in a sufficient degree of consideration of the § 3553(a) factors, and Stanley's challenge to the procedural reasonableness of his sentence is meritless.

## Conclusion

For the foregoing reasons, we will affirm Stanley's sentence.